[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife brought this action for a dissolution of the parties' marriage on the ground of irretrievable breakdown by complaint returnable to this court July 12, 1994. She also sought a fair and equitable distribution of the marital assets and other relief as on file. The defendant filed no answer or cross complaint, but did file written claims for relief. The parties were represented by counsel. Each spouse testified and introduced documents into evidence and submitted financial affidavits.
From the evidence, I find as follows.
The parties were married January 9, 1988, in Norwich, Connecticut. The wife has resided continuously in this state for one year prior to the filing of the complaint, June 28, 1994. There are no minor children issue of the marriage, and none were born to the wife since the date of the marriage. Neither party is a recipient of public assistance. All statutory stays have expired and the court has jurisdiction.
The wife is 47 years of age with a two-year associate's degree and some college courses. She is in good health and is employed as a secretary by the State of Connecticut. She earns $570[1] per week gross, $413 per week net. She has health insurance and pension benefits.
The husband is 44 years of age, with a master's degree and doctorate credits, and is employed as a lecturer at the University of Rhode Island. He is an artist and receives grants intermittently and has sold one work of art for $500. Exclusive of grants, art sales, and his summer employment, he earns $577 per week gross and $425 per week net. He has a pension plan to which he contributes. He is in good health except for hypertension.
This is the second marriage for both; their prior marriages produced two children each. The wife's have reached their majority. The husband has custody of his, who are still minors. CT Page 9006
The parties separated in May 1993, and the marriage has irretrievably broken down. Fault cannot be attributed to either party as the cause of its destruction.
The parties have modest assets, a jointly-owned home, 50 Broadway, Norwich, which was obtained by the husband from his prior marriage, and which has an equity of $48,000, as I find its value to be $120,000. They each have a retirement or pension plan, the wife's is valued at $29,335, the husband's at $11,388. The wife has a 1992 automobile with no equity; the husband a 1986 BMW worth $4,000. The husband has $1,300 in bank accounts, the wife $55, and they have modest other tangible property in household furnishings, furniture and personal effects.
When the wife sold her 40 Cedar Lane, Norwich, home in early 1989, she received $36,649 in net proceeds after the repayment of a prior loan which was obtained to pay the husband's attorney's fees of $2,950 (incurred from his first divorce) and his auto loan of $7,313. She used $10,000 to purchase the 1986 BMW, and $2,300 for a computer which the husband now possesses and uses. The balance of the funds, together with $1,918 in savings, were used for family purposes. The husband made renovations and repairs to the wife's house before the sale.
The parties pooled their income from their jobs and other sources during the marriage. The husband caused the title to his home at 50 Broadway to be conveyed into joint names. When the parties separated, they divided their personal property and the husband gave the wife a joint savings account worth $13,564 of which about $10,000 was used for the wife's sole benefit; the balance was used for family purposes.
The wife agreed that although the 1986 BMW was in her name alone, it ought to be transferred to the husband. The husband acknowledged sole responsibility for an IRS debt and a Mastercard obligation.
The parties have approximately equal earnings from their regular full-time employment; however, the husband has greater earning capacity and sources of income than the wife does by way of funding grants, potential sales of his works of art, rental income, and summer employment. Thus, he has a CT Page 9007 greater opportunity than she has for future acquisition of capital assets and income, despite the fact that he provides for his two children with no apparent assistance from their mother.
I have considered all of the factors in General Statutes §§ 46b-62, 46b-81 and 46b-82 in establishing the orders set forth below. I have also considered the extent of the non-monetary contributions of each party to the marriage.
Accordingly, it is ordered:
(1) Judgment may enter dissolving the parties' marriage on the ground of irretrievable breakdown.
(2) There is assigned to the defendant husband the following: all right, title and interest in and to 50 Broadway, Norwich, Connecticut, (except as provided in (4) below) subject to the liens and encumbrances thereon, which he shall pay and save the plaintiff harmless therefrom; his TIAA teacher's retirement plan; his bank accounts; the 1986 BMW; and all tangible personal property in his possession.
(3) There is assigned to the plaintiff wife all right, title and interest to the following: her bank accounts, her retirement plan, her 1992 Honda automobile, and all tangible personal property now in her possession.
(4) The defendant husband shall execute and deliver a promissory note in the amount of $16,500 secured by a mortgage on the marital premises and payable with interest at the rate of 4 percent per annum as follows: the sum of $2,500 principal plus accrued interest thereon on or before May 15, 1996; the balance of the principal and interest on the first to occur of the following: the defendant's remarriage, sale of the premises, ceasing to use the same as his principal residence, or July 1, 1999. Said note and mortgage shall contain a 30-day default clause, a provision for attorney's fees and acceleration in the event of default, that a default in the payment of any prior obligation shall cause a default of the plaintiff's mortgage, that in the event of default interest shall accrue at 8 percent per annum, and that the plaintiff shall be named as mortgagee loss payee on the homeowner's insurance policy.
(5) Each shall pay the obligations shown on their respective financial affidavits, except that the defendant shall CT Page 9008 be solely responsible for the IRS and Mastercard obligations and save harmless and indemnify the plaintiff therefrom. He is ordered to pay her the sum of $1 per year alimony until both obligations and the home equity loan are fully paid, or he has secured a release of all of said obligations. Said $1 per year alimony shall terminate upon the death of the wife or her remarriage, is actually in the nature of spousal support and may be modifiable by her only in the event the defendant has not paid said obligations.
(6) The wife's birth name of Mullins is restored.
(7) The defendant is ordered to pay to the wife towards her counsel fees the sum of $1,000, payable in monthly payments of $50 each, commencing August 15, 1995, and on the 15th of each month thereafter, until paid.
(8) The parties shall execute and deliver all instruments of title necessary or incidental to the effectuation of the orders set forth herein within thirty (30) days hereof.
Teller, J.